UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

MONROE COUNTY EMPLOYEES'
RETIREMENT SYSTEM,

    Plaintiff,

    - against -

YPF SOCIEDAD ANONIMA, et al.,

    Defendants.

------------------------------------------------------- X

**OPINION AND ORDER**

**13 Civ. 842 (SAS)**

10 8 13

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    INTRODUCTION

On February 5, 2013, plaintiffs filed a putative Class Action
Complaint against defendants alleging violations of the Securities Act of 1933
("Securities Act").  On May 14, 2013, this Court issued an order Consolidating the
Actions, Appointing Lead Plaintiff, and Approving Selection of Lead Counsel.  On
June 6, 2013, plaintiffs filed a Consolidated Amended Complaint asserting claims
under the Securities and Exchange Act of 1934 ("Exchange Act") but omitting the
original Securities Act claims.  On July 22, 2013, plaintiffs requested defendants'
consent to file a Second Amended Complaint reasserting the Securities Act claims
and adding new class representatives.  Defendants opposed the request.  An

1

exchange of letter briefs and two court conferences followed.

Plaintiffs argue that the initial complaint tolled the statute of limitations as to putative class members, who may now intervene to reassert any claims that were abandoned by the Consolidated Amended Complaint.[1]  However, the Second Circuit has not decided whether *American Pipe* tolling applies where the initial named plaintiff lacked standing, or where claims are dismissed voluntarily.  Given the split of authority on both issues, I conclude that *American Pipe* tolling is available to the putative class members in this case.

## II.   TOLLING WHERE INITIAL PLAINTIFF LACKED STANDING

Defendants contend that *American Pipe* tolling does not apply where the original plaintiff lacked standing.  As noted, the issue has not been directly addressed or decided by the Second Circuit.[2]  Moreover, authority among the district courts is split.[3]  Some courts have applied *American Pipe* tolling despite the

---

[1]     *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).

[2]     *See In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*, 810 F. Supp. 2d 650, 668 (S.D.N.Y. 2011), *partially abrogated on other grounds by Police & Fire Ret. Sys. v. IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013) (noting that "there is no conclusive Supreme Court or Second Circuit authority [on the question] and lower courts are divided").

[3]     *See id.*

initial plaintiff's lack of standing to assert the claims.[4]  Other courts have declined

to do so.[5]

Defendants argue that the Second Circuit's recent holding in *Police &*

*Fire Retirement System of Detroit v. IndyMac MBS, Inc.* suggests a resolution.[6]

Indeed, one court in this district recently interpreted *IndyMac* to preclude *American*

*Pipe* tolling where the initial plaintiff lacked standing.[7]  The court quoted *IndyMac*

for the proposition that, "absent circumstances that would render the newly

asserted claims independently timely, neither Rule 24 nor the Rule 15(c) 'relation

---

[4]     *See, e.g., In re Smith Barney Transfer Agent Litig.,* 884 F. Supp. 2d 152, 160 (S.D.N.Y. 2012); *Morgan Stanley,* 810 F. Supp. 2d at 666; *In re Lehman Bros. Sec. & ERISA Litig.,* 799 F. Supp. 2d 258, 309 (S.D.N.Y. 2011); *In re Wachovia Equity Sec. Litig.,* 753 F. Supp. 2d 326, 372 (S.D.N.Y. 2011); *New Jersey Carpenters Health Fund v. Residential Capital, LLC,* No. 08 Civ. 8781, 2010 WL 5222127, at *5 (S.D.N.Y. Dec. 22, 2010); *In re National Australia Bank Sec. Litig.,* No. 03 Civ. 6537, 2006 WL 3844463, at *5 (S.D.N.Y. Nov. 8, 2006); *In re Initial Pub. Offering Sec. Litig.*, No. 01 Civ. 9741, 2004 WL 3015304, at *4–6 (S.D.N.Y. Dec. 27, 2004) (Scheindlin, J.).

[5]     *See, e.g., In re Direxion Shares ETF Trust,* 279 F.R.D. 221, 236 (S.D.N.Y. 2012); *New Jersey Carpenters Health Fund v. DLJ Mortgage Capital, Inc. et al.*, No. 08 Civ. 5653, 2010 WL 6508190, at *2 (S.D.N.Y. Dec. 15, 2010); *Kruse v. Wells Fargo Home Mortg., Inc.,* No. 02 Civ. 3089, 2006 WL 1212512, at *4–5 (E.D.N.Y. May 3, 2006); *In re Colonial Ltd. P'ship Litig.,* 854 F. Supp. 64, 82 (D. Conn. 1994).

[6]     *See* 721 F.3d 95 (2d Cir. 2013).

[7]     *See In re Puda Coal Secs. Inc. et al. Litig.*, No. 11 Civ. 2598, 2013 WL 5493007 (S.D.N.Y. Oct. 1, 2013).

back' doctrine permits members of the putative class, who are not named parties, to intervene in the class action as named parties in order to revive claims."[8] However, this statement addressed the plaintiff's argument that its intervention was timely under Rule 15(c), but did not address its argument that its intervention was timely under *American Pipe*.  In fact, *IndyMac* never decided whether *American Pipe* tolling applied despite the initial plaintiff's lack of standing because it found that *American Pipe* tolling does not apply to Section 13's *statute of repose* under any circumstances.[9]  Thus, the question of whether *American Pipe* tolls a *statute of limitations* such as the one in Section 11 where the initial plaintiff lacked standing is still open in the Second Circuit.

Moreover, *Puda Coal* emphasized that the intervening plaintiff was a "sophisticated investor"[10] who had multiple chances to intervene but nonetheless waited until more than a year after the statute of limitations had run to make its motion.[11]  Additionally, the initial plaintiff in *Puda Coal* did not even allege that he

---

[8]   *Id.* at *13 (citing *IndyMac,* 721 F.3d at 111).

[9]   *See IndyMac,* 721 F.3d at 109.

[10]   *Puda Coal,* 2013 WL 5493007, at *13.

[11]   *See id.* at *13–*14 (noting that intervenor had many "opportunities prior to the running of the statute of limitations to protect its claims – but it did not").

had purchased securities pursuant or traceable to the offering, so his deficiency as a class representative should have been obvious to any reasonably diligent putative class member.[12]  The court concluded that allowing tolling under such circumstances would "condone minimal due diligence regarding the adequacy of a plaintiff in advance of the expiration of the statute of limitations."[13]

Here, by contrast, the lead plaintiff explicitly alleged that it purchased pursuant to the offering, and has never conceded a lack of standing.[14]  Thus, there is no evidence that the intervening plaintiff was remiss in relying on the initial plaintiff's complaint.  Moreover, the delay here is minimal compared to *Puda Coal,* in which the proposed intervenor waited two years after learning of the lawsuit before attempting to intervene.[15]  Here, the initial complaint was filed on February 5, 2013, and plaintiffs argue that the statute of limitations did not run on

---

[12]     *See id.* at *10, *13 ("Had [intervenor's] counsel carefully reviewed the [initial] complaint in May 2011, it would have to have understood that the named plaintiff in that action simply could not represent its interests in connection with claims pursuant to Sections 11 and 12; [he] obviously lacked standing for such claims.").

[13]     *Id.* at *15.

[14]     *See* Class Action Complaint for Violation of the Federal Securities Laws ¶ 6.

[15]     *See Puda Coal,* 2013 WL 5493007, at *13.

their claims until April 16, 2013.[16]  The Consolidated Amended Complaint —
omitting the Securities Act claims — was filed on June 6, 2013, and the new
proposed class representative informed the defendants of his intent to reassert the
class claims about six weeks later.  This chronology does not suggest unjustifiable
neglect or a purposeful abuse of process, and any prejudice to the defendants is
minimal.

*Puda Coal* identified certain troubling policy implications of allowing
*American Pipe* tolling where the initial class representative lacked standing:

> If plaintiffs' view of *American Pipe* were correct, then litigants
> could effectively hold their place in line by initiating lawsuits in
> disregard of statutory standing requirements, before then
> searching for a plaintiff who did have standing to intervene in the
> action.  *American Pipe* was not intended to incentivize filing
> lawsuits on behalf of nominal plaintiffs who in fact lack statutory
> standing to proceed.[17]

However, compelling policy arguments support the opposite conclusion as well.  If
putative class members are charged with investigating the sufficiency of the class
representatives, they will be "forced to make protective filings to preserve their
claims in the event that those representatives [are] determined not to have

---

[16]     Defendants argue that the statute of limitations ran in January, 2013,
rendering even the initial complaint untimely.  Because the question is complex
and fact-specific, it is best decided after full briefing on a motion to dismiss.

[17]     *Id.* at *15.

standing,"[18] leading to the very "needless multiplicity of actions" that *American Pipe* tolling was designed to avoid.[19]  Such a rule would also be "unduly harsh . . . as new plaintiffs would be punished for their failure to anticipate or timely remedy the standing deficiencies of the original [plaintiffs]."[20]  Thus, the better policy is to allow tolling where the original plaintiff lacked standing, unless the procedural defect was so clear that no reasonable plaintiff could have relied on the class representative under the circumstances.[21]  Although it cannot be said at this stage that amendment is futile, defendants may still argue a lack of reasonable reliance on a motion to dismiss.

## III.   TOLLING FOR VOLUNTARILY DISMISSED CLAIMS

The second issue in dispute is whether plaintiffs may benefit from tolling where the claims were dismissed voluntarily rather than where the putative

---

[18]    *In re IndyMac Mortg.-Backed Sec. Litig.,* 793 F. Supp. 2d 637, 646 (S.D.N.Y. 2011).

[19]    *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 351 (1983).

[20]    *Smith Barney,* 884 F. Supp. 2d at 160.

[21]    *See In re IPO,* 2004 WL 3015304, at *4 (noting that "original lead plaintiff appeared to have standing, and the lead plaintiff's lack of standing did not become obvious to absent class members until the assertion of new claims became time-barred"); *Morgan Stanley*, 810 F. Supp. 2d at 670 (noting that "[t]here may be circumstances where the representative so clearly lacks standing that no reasonable class member would have relied").

class was denied certification.  Generally, a voluntarily dismissed claim is treated as a legal nullity and therefore does not toll a statute of limitations.[22]  However, most of the cases standing for the above proposition do not involve class action lawsuits.[23]  Many courts have recognized that "[a] somewhat different situation applies under Rule 23 for class actions."[24]  Although the Second Circuit has not addressed the issue, several other Circuit courts have held that tolling is available for voluntarily dismissed claims.[25]  Similarly, many district courts in this Circuit have assumed that when a class representative settles or dismisses a claim, *American Pipe* tolling allows the putative class members to intervene or file their own individual lawsuits.[26]  This conclusion reflects the reality that putative class

---

[22]    *See, e.g., Onieda Indian Nation of N.Y. State v. Oneida Cnty.,* 622 F.3d 624, 629 n.7 (2d Cir. 1980) (noting that voluntary dismissal of a suit "leaves the situation so far as procedures therein are concerned the same as though the suit had never been brought"); *Elgendy v. City of New York,* No. 99 Civ. 5196, 2000 WL 1119080, at *5 (S.D.N.Y. Aug. 7, 2000) ("As a general rule, statutes of limitations are not tolled by bringing an action that is later voluntarily dismissed.").

[23]    *See id.*

[24]    *Stone Container Corp. v. United States,* 229 F.3d 1345, 1354 (Fed. Cir. 2000).

[25]    *See, e.g., Guy v. Lexington-Fayette Urban Cnty. Gov't,* 488 Fed. App'x 9, 21 n.6 (6th Cir. 2012); *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.,* 642 F.3d 560, 561–62 (7th Cir. 2011).

[26]    *See In re New Oriental Educ. & Tech. Grp. Sec. Litig.,* No. 12 Civ. 5724, 2013 WL 1875102, at *4 (S.D.N.Y. May 6, 2013) (noting that "when a consolidated class action complaint redefines a class more narrowly than the prior

members have no control over the lead plaintiff's decision to drop or settle a claim.

One court provided the following cogent explanation:

> [Defendant] argues that I should decline to apply the tolling rule because [the original lead plaintiff] voluntarily dismissed its suit. However, doing so would totally undermine the *American Pipe* doctrine because unnamed class members have no control over whether the named plaintiff decides to abandon the suit. If [Defendant's] argument were accepted, then unnamed class members would be encouraged to file their own lawsuits to ensure that their claims are not deemed untimely in the event that the named plaintiff elects to voluntarily dismiss the class's claims. Yet, the whole point of *American Pipe* is to allow unnamed class members to rely on the pending class action in lieu of filing their own protective lawsuits. Thus, the tolling rule applies even though [the original lead plaintiff] voluntarily dismissed the prior

---

individual complaints, and no longer asserts claims on behalf of a portion of the consolidated class, the statute of limitations is no longer tolled under *American Pipe* for that 'abandoned' subclass" (citations omitted)); *Choquette v. City of New York,* 839 F. Supp. 2d 692 (S.D.N.Y. 2012) (finding that *American Pipe* tolling ended when settlement agreement was approved by the court, and that non-named plaintiffs excluded from the settlement agreement had whatever time remained on the statute of limitations to intervene or file their own lawsuit); *DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 871 F. Supp. 2d 143, 150 (E.D.N.Y. 2012) (holding that "once there is a definitive indication that a defendant has been dropped from a class action, it is reasonable to expect any absent class member who wants to press its claim against that defendant to commence a separate action within the remaining limitations period"); *Ross v. Warner*, 80 F.R.D. 88, 91 (S.D.N.Y. 1978) (noting that "the limitations period will begin to run again as to those claims when the group is excluded by the Second Amended Complaint"). *But see IndyMac,* 718 F. Supp. 2d at 503 (finding that *American Pipe* tolling does not apply where the initial complaint was dismissed voluntarily); *Direxion*, 279 F.R.D. at 236 (finding *American Pipe* tolling inapplicable where superceding amended complaint omitted – and therefore voluntarily dismissed – certain claims).

class action.[27]

For these reasons, the better interpretation is that *American Pipe* permits tolling

when claims are voluntarily dismissed by the filing of an amended complaint.[28]

## IV.   CONCLUSION

For the foregoing reasons, plaintiffs' request to submit a Second

Amended Complaint reasserting the Securities Act claims with new class

representatives is hereby GRANTED.  Plaintiffs argue that seventy (70) days

remained on the statute of limitations when the original action was filed.

Therefore, plaintiffs had seventy (70) days from the date of the Consolidated

Amended Complaint, or until August 15, 2013, to intervene and reassert the

dismissed claims.[29]  Plaintiffs notified YPF, Repsol, and the Underwriter

---

[27]     *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 731 F. Supp. 2d 850, 853 (E.D. Wis. 2010), *aff'd,* 642 F.3d 560 (7th Cir. 2011).

[28]     At the conference on August 20, 2013, I indicated that plaintiffs could not reassert Securities Act claims against the Underwriter Defendants because those defendants were dropped entirely from the Consolidated Amended Complaint in June.  However, at the following conference on August 27, 2013, plaintiffs articulated the argument that *American Pipe* tolling should apply even for voluntarily dismissed claims.  Having considered the parties' complete submissions and examined the relevant case law, I now conclude that plaintiffs have the better argument despite my earlier inclination to the contrary.

[29]     *See American Pipe,* 414 U.S. at 561 ("The class suit brought by Utah was filed with 11 days yet to run in the period . . . and the intervenors thus had 11 days after the entry of the order denying them participation in the suit as class

10

Defendants of their intent to file a motion for leave to amend by August 15,[30] and were prepared to file but for this Court's instructions.

Thus, plaintiffs will have twenty-one (21) days from the date of this Order to file their Second Amended Complaint adding claims against YPF, Repsol, and the Underwriter Defendants. Tolling shall not apply against the Individual Defendants, who were neither served within the statute of limitations nor given notice by August 15 of plaintiffs' intent to file an amended complaint.

No further requests for leave to amend will be granted.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      October  8 , 2013
            New York, New York

_____

members in which to move for permission to intervene.").

[30]     Plaintiffs notified YPF and the Underwriter Defendants of their intent to amend the complaint by letter on July 22, 2013, and notified Repsol through a stipulation dated August 14, 2013.

11

**-Appearances -**

**For Plaintiffs:**

David Avi Rosenfeld, Esq.
Samuel Howard Rudman, Esq.
Mario Alba, Jr., Esq.
Avital Orly Malina, Esq.
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100
Fax: (631) 367-1173

**For Defendant YPF Sociedad Anonima:**

Thomas Joseph Hall, Esq.
Marcelo Marlow Blackburn, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(212) 408-5487
Fax: (212) 541-5369

**For Defendants Morgan Stanley, Goldman Sachs, and Credit Suisse:**

Jonathan Rosenberg, Esq.
Edward Nathaniel Moss, Esq.
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036
(212) 326-2000
Fax: (212) 326-2061

**For Defendant Repsol:**

James E. Brandt, Esq.
Jason Kolbe, Esq.
Christopher Harris, Esq.
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
(212) 906-1200
Fax: (212) 751-4864


**For Defendants Sebastian Eskenazi and Guillermo Reda:**

Roger A. Cooper, Esq.
Mitchell A. Lowenthal, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000
Fax: (212) 225-3999