**Christopher R. Harris**
Direct Dial: (212) 906-1880
christopher.harris@lw.com

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

January 27, 2014

**VIA ECF & HAND DELIVERY**

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Monroe County Employees' Retirement System v. YPF Sociedad Anonima*, 13-cv-00842 (SAS)

Dear Judge Scheindlin:

We represent Defendant Repsol YPF, S.A., now known as Repsol, S.A. ("Repsol"), and individual defendant Antonio Brufau Niubó in the above-referenced matter. Mr. Brufau has recently agreed to waive service of process in this action, and we write respectfully to request that the Court postpone Mr. Brufau's deadline to respond to the current complaint until it has decided the pending motions to dismiss by Repsol, YPF, S.A., Credit Suisse Securities (USA) LLC, Goldman, Sachs & Co., and Morgan Stanley & Co. Inc.

As of December 2013, Plaintiffs had not completed service of process of the active complaint in this matter on Mr. Brufau through the Hague Convention, which would be required for Mr. Brufau because he is a resident of Spain. Instead, in November 2013, Plaintiffs served Mr. Brufau with the Consolidated Amended Complaint ("CAC") filed on June 5, 2013 (ECF No. 27). But by that time, Plaintiffs had already superseded and nullified the CAC by filing the Second Consolidated Amended Complaint ("SAC") (ECF No. 37), rendering delivery of the CAC ineffective to complete service. However, rather than asserting his rights under the Hague Convention to be served with the SAC through the usual international channels, Mr. Brufau agreed to waive service of process as of January 7, 2014. He has therefore accepted service of the SAC through counsel in New York, saving Plaintiffs the time and expense of completing proper service.

Despite Mr. Brufau having granted this accommodation, Plaintiffs insist that he respond to the SAC now,[1] regardless of whether Your Honor has issued any decision on the

---

[1] Under the default sixty-day time period provided by Fed. R. Civ. P. 4(d)(3), Mr. Brufau would have until March 10, 2014 to respond.

pending motions.  The Court's ruling on those pending motions could narrow or eliminate entirely Mr. Brufau's need to respond.  For example, if the Court holds that the SAC fails to plead any material omissions, as Repsol argues in its motion, this would remove both the Section 10(b) and 20(a) claims against Mr. Brufau.  It would therefore moot any arguments he might make about jurisdiction or the sufficiency of the allegations against him personally.  Similarly, because a company's scienter depends on the state of mind of its individual officers, the Court's view of the sufficiency of the scienter allegations against Repsol may bear on the scienter allegations against Mr. Brufau as well.  *See Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 195 (2d Cir. 2008) ("When the defendant is a corporate entity, [] the pleaded facts must create a strong inference that someone whose intent could be imputed to the corporation acted with the requisite scienter.").  Many other aspects of Your Honor's ruling could have a similar effect.

Consequently, requiring Mr. Brufau to respond prior to the Court's forthcoming decision could waste the resources of Mr. Brufau and the Court.  The Court therefore has ample discretion to decide that, as a matter of efficiency and judicial economy, neither the parties nor the Court should take up the arguments that Mr. Brufau may wish to make until after Your Honor has ruled on the pending motions.  *See Bey v. City of New York*, 454 Fed. App'x 1, 4 (2d Cir. 2011) ("[D]istrict courts have broad discretion to manage their caseload and dockets by scheduling motions[.]").  Mr. Brufau also should not be penalized for waiving service of process, which might not even have been completed prior to Your Honor's decision on the primary motions.[2]

Mr. Brufau therefore respectfully requests that the Court set the deadline for his response as 21 days after the decision on Repsol's pending motion to dismiss.  As noted, Plaintiffs do not consent to this request.  This is Mr. Brufau's first request for any extension of time.

Respectfully submitted,

/s/ Christopher R. Harris
Christopher R. Harris
of LATHAM & WATKINS LLP

---

[2] Although Plaintiffs argue that they would be prejudiced if Repsol's motion to dismiss were denied but discovery remained stayed pending a decision on Mr. Brufau's motion, a mere delay does not constitute sufficient prejudice to justify the waste that could result from making Mr. Brufau respond now.  *Cf. Brigham v. Royal Bank of Canada*, No. 08 CIV. 4431 (WHP), 2009 WL 935684, at *1 (S.D.N.Y. Apr. 7, 2009) (explaining that "undue prejudice" sufficient to lift the stay of discovery under the PSLRA "does not arise from a delay in the gathering of evidence").

LATHAM&WATKINS LLP

cc: Mario Alba, Jr., Esq. (via ECF and e-mail)
Robbins Geller Rudman & Dowd LLP
malba@rgrdlaw.com

Thomas J. Hall, Esq. (via ECF and e-mail)
Chadbourne & Parke LLP
thall@chadbourne.com

Jonathan Rosenberg, Esq. (via ECF and e-mail)
O'Melveny & Myers LLP
jrosenberg@omm.com